# EXHIBIT A

**GURK LAW, P.C.**
**BY: F. S. GURK, ESQUIRE**
Attorney ID: 005092002
701 Route 130 South
Cinnaminson, NJ 08077
Tel.: (856) 303-2201
Fax: (856) 303-2220
Attorneys for Plaintiffs

| | |
|---|---|
| Esin Soykan and Murat Soykan, w/h<br><br>     Plaintiffs,<br><br>vs.<br><br>WALMART, INC. a/k/a WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., WAL-MART TAX DEPT., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities) jointly, severally and in the alternative,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND**<br>**JURY TRAIL DEMAND** |

The Plaintiffs, Esin Soykan and Murat Soykan, residing at 13125 Wilcox Road, Largo, Florida, by way of complaint herein say:

1.     Defendant Walmart, Inc. a/k/a Wal-Mart Stores, Inc., is a corporation, partnership, or other business entity with corporate addresses at 702 SW 8th Street, Bentonville, Arkansas, 72716, and which maintains and operates as a principal place of business as a retail store open to the public at 2501 US-130, Cinnaminson, New Jersey, 08077, and was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the subject premises known as Walmart department store, located at 2501 US-130, Cinnaminson, NJ 08077 (hereinafter referred to as "premises"), including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including

shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

2.     Defendant Wal-Mart Stores East, L.P., is a corporation, partnership, or other business entity with corporate addresses at 702 SW 8th Street, Bentonville, Arkansas, 72716, and which maintains and operates as a principal place of business as a retail store open to the public at 2501 US-130, Cinnaminson, New Jersey, 08077, and was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the subject premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

3.     Defendant Wal-Mart Tax Dept., is a corporation, partnership, or other business entity with corporate addresses at 702 SW 8th Street, Bentonville, Arkansas, 72716, and which maintains and operates as a principal place of business as a retail store open to the public at 2501 US-130, Cinnaminson, New Jersey, 08077, and was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the subject premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

4.     Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Tax Dept., are hereinafter collectively referred to as "Walmart."

5.     At all times material and relevant to this Complaint, Defendant(s), "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities) i/j/s/a, are fictitiously named individuals, corporations or other business entities who owned, operated, built/constructed, maintained, serviced, managed, leased and/or controlled the premises, and whose identities are unknown at this time.

6.     At all times material and relevant to this Complaint, Defendants Walmart, and "John Doe and/or John Doe Corporation" 1-10, owned, operated, maintained, serviced, managed, leased, and/or controlled the subject premises as identified.

7.     At all times material and relevant to this Complaint, said Defendants, jointly and/or severally, did act through their agents, employees, owners, representatives and/or employees while in the course and scope of their employment and/or agency.

8.     On or about January 15, 2023, Plaintiff, Esin Soykan, was a business invitee, at the Walmart retail department store located at 2501 US-130, Cinnaminson, New Jersey, 08077, and, as such, was lawfully within and upon said premises for the purpose of shopping for and purchasing certain merchandise.  Plaintiff, Esin Soykan, was caused to slip and fall in a shopping aisle at the subject premises due to a slippery floor caused by/believed to be an automotive related fluid/liquid. Defendants failed to properly identify, maintain, and make the area safe of the dangerous condition.

9.     At the time and place aforesaid, Defendants did so carelessly and negligently create and/or fail to act in such a manner as to maintain and/or cure a dangerous condition on the subject premises.

10.    As a direct result of the aforementioned incident, Plaintiff, Esin Soykan, sustained serious and permanent injuries as more fully set forth below.

# COUNT I

## Esin Soykan v. Walmart, Inc. a/k/a Wal-Mart Stores, Inc. - Negligence

11. Plaintiffs incorporate herein the allegations set forth in the previous paragraphs, as if set forth here at length.

12. At all times material hereto, Defendant, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., was the owner, operator, maintainer, possessor, lessor, lessee, and built/constructed, and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

13. At the time and place aforesaid, Defendant, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., individually and/or by and through its agents, servants, workers and/or employees, was careless, reckless and/or negligent in its actions and/or inactions as follows:

a) Creating and/or allowing a defective and/or dangerous condition to exist on the premises in question, namely, creating and allowing a fluid/liquid to collect on the walkway aisle surface to exist and thereby creating a slip and fall hazard;

b) failing to maintain the premises as identified in a safe condition for the welfare and protection of individuals on said premises;

c) failing to properly maintain the walking surface in question;

d) failing to properly and reasonably inspect the premises with regard to potential unsafe conditions;

e) allowing an unsafe and dangerous condition to exist at the premises;

f) failing to warn Plaintiff and others similarly situated of an unsafe condition;

g) failing to alleviate an unsafe condition existent on the premises;

h) failing to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises to such invitees, licensees and/or others legally on the premises;

i) failing to post signs warning of the dangerous condition(s);

j) failure to properly test and/or inspect the premises to determine whether said premises was dangerous to invitees, licensees and/or others legally on the premises;

k) failure to reasonably inspect, maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and injuries that could occur as a result of the condition(s) on the premises;

l) failing to have proper policies and procedures relating to the elimination of the unsafe condition on the premises in question;

m) failing to properly and/or regularly inspect and/or discover the unsafe condition as aforesaid;

n) failing to regularly inspect the premises as to ensure the walking surface was in a proper and safe condition;

o) failing to instruct Defendant's employees, agents, workers and/or servants as to the proper care and maintenance of the premises;

p) failing to properly respond to complaints relating to the defective and/or dangerous condition up on the premises in question;

q) failing to comply with the New Jersey Uniform Construction Code and other building Codes, Laws, Ordinances, Rules and Regulations pertaining to the design, construction, and/or maintenance of the premises;

r) failing to comply with the BOCA National Building Code pertaining to the design, construction, and maintenance of the aforementioned premises;

s) negligence and gross negligence in fact and in law; and

t) were otherwise negligent as may be revealed during the course of discovery in this matter.

14. The aforementioned Defendant owed its business invitee a duty to provide a safe place to traverse and breached its duty to Plaintiff in failing to maintain the premises free of hazards.

15. Defendant Walmart, Inc. a/k/a Wal-Mart Stores, Inc., knew or should have known upon reasonable inspection of the existence of the dangerous condition upon the premises.

16. Defendant Walmart, Inc. a/k/a Wal-Mart Stores, Inc., had actual and/or constructive notice of the dangerous condition existent upon the premises of the Walmart store.

17. The carelessness, recklessness and/or negligence of the Defendant Walmart, Inc. a/k/a Wal-Mart Stores, Inc., as aforesaid, was a direct and proximate result of the incident and consequent injuries suffered by the Plaintiff, Esin Soykan.

18. As a direct result of Defendant's negligent, careless and reckless conduct, Plaintiff, Esin Soykan, sustained serious and permanent injuries, suffered and will continue to suffer significant pain and anguish, incurred and will incur significant expense and medical bills in an effort to cure herself of her injuries, and has otherwise been prevented from attending to her usual customary activities. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

**WHEREFORE**, Plaintiff, Esin Soykan, demands judgment against Defendant, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

## COUNT II
### <u>Esin Soykan v. Wal-Mart Stores East, LP. -</u>
### <u>Negligence</u>

19.    Plaintiffs incorporate herein the allegations set forth in the previous paragraphs, as if set forth here at length.

20.    At all times material hereto, Defendant, Wal-Mart Stores East, LP., was the owner, operator, maintainer, possessor, lessor, lessee, and built/constructed, and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

21.    At the time and place aforesaid, Defendant, Wal-Mart Stores East, LP., individually and/or by and through its agents, servants, workers and/or employees, was careless, reckless and/or negligent in its actions and/or inactions as follows:

a) Creating and/or allowing a defective and/or dangerous condition to exist on the premises in question, namely, creating and allowing a fluid/liquid to collect on the walkway aisle surface to exist and thereby creating a slip and fall hazard;

b) failing to maintain the premises as identified in a safe condition for the welfare and protection of individuals on said premises;

c) failing to properly maintain the walking surface in question;

d) failing to properly and reasonably inspect the premises with regard to potential unsafe conditions;

e) allowing an unsafe and dangerous condition to exist at the premises;

f) failing to warn Plaintiff and others similarly situated of an unsafe condition;

g) failing to alleviate an unsafe condition existent on the premises;

h) failing to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises to such invitees, licensees and/or others legally on the premises;

i) failing to post signs warning of the dangerous condition(s);

j) failure to properly test and/or inspect the premises to determine whether said premises was dangerous to invitees, licensees and/or others legally on the premises;

k) failure to reasonably inspect, maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and injuries that could occur as a result of the condition(s) on the premises;

l) failing to have proper policies and procedures relating to the elimination of the unsafe condition on the premises in question;

m) failing to properly and/or regularly inspect and/or discover the unsafe condition as aforesaid;

n) failing to regularly inspect the premises as to ensure the walking surface was in a proper and safe condition;

o) failing to instruct Defendant's employees, agents, workers and/or servants as to the proper care and maintenance of the premises;

p) failing to properly respond to complaints relating to the defective and/or dangerous condition up on the premises in question;

q) failing to comply with the New Jersey Uniform Construction Code and other building Codes, Laws, Ordinances, Rules and Regulations pertaining to the design, construction, and/or maintenance of the premises;

r) failing to comply with the BOCA National Building Code pertaining to the design, construction, and maintenance of the aforementioned premises;

s) negligence and gross negligence in fact and in law; and

t) were otherwise negligent as may be revealed during the course of discovery in this matter.

22. The aforementioned Defendant owed its business invitee a duty to provide a safe place to traverse and breached its duty to Plaintiff in failing to maintain the premises free of hazards.

23.    Defendant Wal-Mart Stores East, LP., knew or should have known upon reasonable inspection of the existence of the dangerous condition upon the premises of the Walmart store.

24.    Defendant Wal-Mart Stores East, LP., had actual and/or constructive notice of the dangerous condition existent upon the premises of the Walmart store.

25.    The carelessness, recklessness and/or negligence of the Defendant Wal-Mart Stores East, LP., as aforesaid, was a direct and proximate result of the incident and consequent injuries suffered by the Plaintiff, Esin Soykan.

26.    As a direct result of Defendant's negligent, careless and reckless conduct, Plaintiff, Esin Soykan, sustained serious and permanent injuries, suffered and will continue to suffer significant pain and anguish, incurred and will incur significant expense and medical bills in an effort to cure herself of her injuries, and has otherwise been prevented from attending to her usual customary activities.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

**WHEREFORE**, Plaintiff, Esin Soykan, demands judgment against Defendant, Wal-Mart Stores East, LP., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

## COUNT III

### Esin Soykan v. Wal-Mart Tax Dept. - Negligence

27.    Plaintiffs incorporate herein the allegations set forth in the previous paragraphs, as if set forth here at length.

28.    At all times material hereto, Defendant, Wal-Mart Tax Dept., was the owner, operator, maintainer, possessor, lessor, lessee, and built/constructed, and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

29.    At the time and place aforesaid, Defendant, Wal-Mart Tax Dept., individually and/or by and through its agents, servants, workers and/or employees, was careless, reckless and/or negligent in its actions and/or inactions as follows:

a) Creating and/or allowing a defective and/or dangerous condition to exist on the premises in question, namely, creating and allowing a fluid/liquid to collect on the walkway aisle surface to exist and thereby creating a slip and fall hazard;

b) failing to maintain the premises as identified in a safe condition for the welfare and protection of individuals on said premises;

c) failing to properly maintain the walking surface in question;

d) failing to properly and reasonably inspect the premises with regard to potential unsafe conditions;

e) allowing an unsafe and dangerous condition to exist at the premises;

f) failing to warn Plaintiff and others similarly situated of an unsafe condition;

g) failing to alleviate an unsafe condition existent on the premises;

h) failing to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises to such invitees, licensees and/or others legally on the premises;

i) failing to post signs warning of the dangerous condition(s);

j) failure to properly test and/or inspect the premises to determine whether said premises was dangerous to invitees, licensees and/or others legally on the premises;

k) failure to reasonably inspect, maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and injuries that could occur as a result of the condition(s) on the premises;

l) failing to have proper policies and procedures relating to the elimination of the unsafe condition on the premises in question;

m) failing to properly and/or regularly inspect and/or discover the unsafe condition as aforesaid;

n) failing to regularly inspect the premises as to ensure the walking surface was in a proper and safe condition;

o) failing to instruct Defendant's employees, agents, workers and/or servants as to the proper care and maintenance of the premises;

p) failing to properly respond to complaints relating to the defective and/or dangerous condition up on the premises in question;

q) failing to comply with the New Jersey Uniform Construction Code and other building Codes, Laws, Ordinances, Rules and Regulations pertaining to the design, construction, and/or maintenance of the premises;

r) failing to comply with the BOCA National Building Code pertaining to the design, construction, and maintenance of the aforementioned premises;

s) negligence and gross negligence in fact and in law; and

t) were otherwise negligent as may be revealed during the course of discovery in this matter.

30. The aforementioned Defendant, owed its business invitee a duty to provide a safe place to traverse and breached its duty to Plaintiff in failing to maintain the premises free of hazards.

31.   Defendant Wal-Mart Tax Dept., knew or should have known upon reasonable inspection of the existence of the dangerous condition upon the premises of the Walmart store.

32.   Defendant Wal-Mart Tax Dept., had actual and/or constructive notice of the dangerous condition existent upon the premises of the Walmart store.

33.   The carelessness, recklessness and/or negligence of Defendant Walmart Tax Dept., as aforesaid, was a direct and proximate result of the incident and consequent injuries suffered by the Plaintiff, Esin Soykan.

34.   As a direct result of Defendant's negligent, careless and reckless conduct, Plaintiff, Esin Soykan, sustained serious and permanent injuries, suffered and will continue to suffer significant pain and anguish, incurred and will incur significant expense and medical bills in an effort to cure herself of her injuries, and has otherwise been prevented from attending to her usual customary activities.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

WHEREFORE, Plaintiff, Esin Soykan, demands judgment against Defendant, Walmart Tax Dept., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

## COUNT IV
### Esin Soykan v. "John Doe and/or John Doe Corporation"
### 1-10 (being unknown fictitious individuals and/or business entities) –
### Personal Injury

35.   Plaintiffs incorporates herein the allegations set forth in the previous paragraphs, as if set forth here at length.

36.     At all times material hereto, Defendant(s), "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities), was the owner, operator, maintainer, possessor, lessor, lessee, and built/constructed, and/or otherwise legally responsible for the maintenance, upkeep, care, control and/or safety of the premises, including, but not limited to, all parts of said premises, specifically, all structural and mechanical components including shelving systems, walkways, entryways, floors/grounds, doorways, ramps, inclines, steps, and points of ingress and egress maintained for use by invitees or licensees to the premises.

37.     The negligence and carelessness of the aforesaid "John Doe and/or John Doe Corporation" 1-10 Defendant(s), acting by or through its agents, employees and/or servants consisted of the following:

a) Creating and/or allowing a defective and/or dangerous condition to exist on the premises in question, namely, creating and allowing a fluid/liquid to collect on the walkway aisle surface to exist and thereby creating a slip and fall hazard;

b) failing to maintain the premises as identified in a safe condition for the welfare and protection of individuals on said premises;

c) failing to properly maintain the walking surface in question;

d) failing to properly and reasonably inspect the premises with regard to potential unsafe conditions;

e) allowing an unsafe and dangerous condition to exist at the premises;

f) failing to warn Plaintiff and others similarly situated of an unsafe condition;

g) failing to alleviate an unsafe condition existent on the premises;

h) failing to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises to such invitees, licensees and/or others legally on the premises;

i) failing to post signs warning of the dangerous condition(s);

j) failure to properly test and/or inspect the premises to determine whether said premises was dangerous to invitees, licensees and/or others legally on the premises;

k) failure to reasonably inspect, maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and injuries that could occur as a result of the condition(s) on the premises;

l) failing to have proper policies and procedures relating to the elimination of the unsafe condition on the premises in question;

m) failing to properly and/or regularly inspect and/or discover the unsafe condition as aforesaid;

n) failing to regularly inspect the premises as to ensure the walking surface was in a proper and safe condition;

o) failing to instruct Defendant's employees, agents, workers and/or servants as to the proper care and maintenance of the premises;

p) failing to properly respond to complaints relating to the defective and/or dangerous condition up on the premises in question;

q) failing to comply with the New Jersey Uniform Construction Code and other building Codes, Laws, Ordinances, Rules and Regulations pertaining to the design, construction, and/or maintenance of the premises;

r) failing to comply with the BOCA National Building Code pertaining to the design, construction, and maintenance of the aforementioned premises;

s) negligence and gross negligence in fact and in law; and

t) were otherwise negligent as may be revealed during the course of discovery in this matter.

38.     The aforementioned Defendant(s), "John Doe and/or John Doe Corporation" 1-10, owed its business invitee a duty to provide a safe place to traverse and breached its duty to Plaintiff in failing to maintain the premises free of hazards.

39.     Defendant(s), "John Doe and/or John Doe Corporation" 1-10, knew or should have known upon reasonable inspection of the existence of the dangerous condition upon the premises of the Walmart store.

40.     Defendant(s), "John Doe and/or John Doe Corporation" 1-10, had actual and/or constructive notice of the dangerous condition existent upon the premises of the Walmart store.

41.     The carelessness, recklessness and/or negligence of the Defendant(s), "John Doe and/or John Doe Corporation" 1-10, as aforesaid, was a direct and proximate result of the incident and consequent injuries suffered by the Plaintiff, Esin Soykan.

42.     Defendant(s), "John Doe and/or John Doe Company" 1-10, owed its business invitee a duty to provide a safe place to traverse and breached its duty to Plaintiff in failing to maintain the premises free of hazards.

43.     As a direct result of Defendant(s) "John Doe and/or John Doe Company" 1-10, negligent and careless conduct, Plaintiff, Esin Soykan, suffered and will continue to suffer significant pain and anguish, incurred and will incur significant expense and medical bills in an effort to cure herself and her injuries, and has otherwise been prevented from attending to her usual customary activities.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

**WHEREFORE**, Plaintiff, Esin Soykan, demands judgment against Defendant(s), "John Doe and/or John Doe Company" 1-10 (being unknown fictitious individuals and/or business entities), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

## COUNT V
### Murat Soykan v. Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Tax Dept., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities) – Loss of Consortium

44.     Plaintiffs hereby incorporate all paragraphs aforesaid as if repeated at length.

45.     At all times relevant hereto, Plaintiff, Murat Soykan, is and was the husband of the Plaintiff, Esin Soykan.

46.     As a direct proximate result of the negligence, carelessness and recklessness of the Defendants, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Tax Dept., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities), jointly and/or severally, Plaintiff, Murat Soykan, has in the past, and may in the future, be deprived of the care, common services, expenses for medical treatment, love, affection and companionship and consortium of his wife, Esin Soykan.

**WHEREFORE**, Plaintiff, Murat Soykan, demands judgment against the Defendants, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Tax Dept., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities), jointly and/or severally, for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

## COUNT IV
### Esin Soykan and Murat Soykan v. Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Tax Dept., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities) - Joint & Several Liability

47.     Plaintiffs incorporate herein the allegations set forth in the previous paragraphs, as if set forth here at length.

48.     The facts set forth herein establish that the Walmart Defendants and the "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities) Defendant(s), are jointly and/or severally liable to Plaintiffs for their injuries and damages.

**WHEREFORE**, Plaintiffs, Esin Soykan and Murat Soykan, demand judgment against Defendants, Walmart, Inc. a/k/a Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Tax Dept., and "John Doe and/or John Doe Corporation" 1-10 (being unknown fictitious individuals and/or business entities), jointly and/or severally, and in the alternative, for such sums as would reasonably and properly compensate them in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

**GURK LAW, P.C.**

By: _____

F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

Dated: December 17, 2024

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues of this Complaint.

**GURK LAW, P.C.**

By: _____

F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## CERTIFICATION PURSUANT TO RULE 4:5-1

Upon information and belief, the matter in controversy is not the subject of any other known pending action in any Court, or of a known pending arbitration proceeding. There are no other parties known who should be joined in this action.

**GURK LAW, P.C.**

By: _____

F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-5, F. S. Gurk, Esquire, is hereby designated as trial attorney in this matter.

**GURK LAW, P.C.**

By: _____

F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## DEMAND FOR COMPLIANCE WITH NEW JERSEY COURT RULES

### 1:5-1 (a) and 4:17-4 (c)

Please take notice that the undersigned attorney, counsel for Plaintiffs, hereby demands, pursuant to the provisions of R. 1:5 (a) and R. 4:17-4(c), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories and responses thereto to the undersigned.

GURK LAW, P.C.

By: _____
F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## DEMAND FOR ANSWERS TO INTERROGATORIES

The Plaintiffs hereby request that Defendants answer all questions in the Uniform Interrogatories found in Appendix II of the Rules governing the Courts of the State of New Jersey within the time provided in accordance with Rule 4:17-4, et seq.  Plaintiffs further request that all parties supply copies of any and all answers to interrogatories which they have provided to other parties to this action.  Please note that this is a continuing request.

GURK LAW, P.C.

By: _____
F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment. If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

GURK LAW, P.C.

By: _____
F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

## NOTICE PURSUANT TO RULE 1:7-1(b)

PLEASE TAKE NOTICE that to the extent applicable, Plaintiffs may, at the time of closing argument, suggest to the trier of fact with the respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

GURK LAW, P.C.

By: _____
F. S. GURK, ESQUIRE
Attorneys for Plaintiffs

Dated: December 17, 2024

# Civil Case Information Statement

### Case Details: BURLINGTON | Civil Part Docket# L-002607-24

**Case Caption:** SOYKAN ESIN  VS WALMART, INC.

**Case Initiation Date:** 12/17/2024

**Attorney Name:** F S GURK

**Firm Name:** F. S. GURK, PC

**Address:** 701 ROUTE 130 SOUTH

CINNAMINSON NJ 08077

**Phone:** 8563032201

**Name of Party:** PLAINTIFF : Soykan, Esin

**Name of Defendant's Primary Insurance Company**

(if known): Walmart Claims Services

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Esin Soykan? NO**

**Are sexual abuse claims alleged by: Murat Soykan? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/17/2024

Dated

/s/ F S GURK

Signed

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:    DECEMBER 17, 2024
                         RE:      SOYKAN ESIN  VS WALMART, INC.
                         DOCKET: BUR L -002607 24


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES J. FERRELLI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (609) 288-9500 EXT 38618.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: F S. GURK
                                    F. S. GURK, PC
                                    701 ROUTE 130 SOUTH
                                    CINNAMINSON      NJ 08077


ECOURTS
```